JEFFREY N. WILLIAMS (SBN 274008)
jwilliams@wfslaw.com
DAVID M. PERNINI (*pro hac vice* to be filed)
dpernini@wfslaw.com
WARGO FRENCH & SINGER LLP
601 South Figueroa Street
Suite 4625
Los Angeles, California 90017
Telephone: (310) 853-6300
Facsimile: (310) 853-6333

Attorneys for Defendant
CUMULUS MEDIA, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEALTHCARE ALLY MANAGEMENT OF CALIFORNIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>CUMULUS MEDIA INC. and DOES 1-10,<br><br>Defendant. | Case No.<br><br>State Court Case No: 22STCV20371<br><br>**DEFENDANT CUMULUS MEDIA, INC.'S NOTICE OF REMOVAL**<br><br>Complaint Filed: June 22, 2022 |

# NOTICE OF REMOVAL OF ACTION

1. Defendant Cumulus Media Inc. ("Cumulus"), through its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1446 and 1332, hereby files this Notice of Removal and thereby removes to this United States District Court an action that is pending in the Superior Court of the State of California, County of Los Angeles, as Case No. 22STCV20371. The facts and legal authority supporting this Notice of Removal are as follows:

## A. Factual Predicate

2. On or about June 22, 2022, Plaintiff Healthcare Ally Management of California, LLC ("Plaintiff") filed this action in the Superior Court for the County of Los Angeles in the State of California, Case No. 22STCV20371. Plaintiff has alleged causes of action against Cumulus for promissory estoppel, violations of California Business and Professions Code § 17200, *et seq.*, negligent misrepresentation, and breach of contract concerning a medical insurance contract between Cumulus and an insured employee, the benefits of which the insured employee allegedly assigned to Plaintiff.

3. On June 27, 2022, Plaintiff served a copy of the state-court summons and complaint on Cumulus. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served as of this date is attached as **Composite Exhibit A.**

## B. Diversity Jurisdiction Exists

4. Cumulus is a Delaware corporation with its principal place of business in Atlanta, Georgia. *See* Declaration of Richard S. Denning, a true and correct copy of which is attached hereto as **Exhibit B**.

5. Plaintiff is a California limited liability company with its principal place of business located at 415 N. Laurel Avenue, Los Angeles, CA 90048. *See* Declaration of Jeffrey N. Williams ("Williams Decl."), ¶ 3, a true and correct copy of which is attached hereto as **Exhibit C**. Based upon Plaintiff's California

Secretary of State filings of record, Plaintiff listed two members as of April 2013: Jonathan Stieglitz and Sara Stohl. *Id.*, ¶ 4. Plaintiff listed one member/manager as of March 2021: Jonathan Stieglitz. *Id.*, ¶ 5. The March 2021 filing is Plaintiff's most current. *Id.* Stieglitz and Stohl both currently list an office address on Olympic Boulevard in Los Angeles (and Stieglitz, counsel of record for Plaintiff, lists the same address on his pleadings) as well as residence addresses on Alta Vista Boulevard and Mansfield Avenue in Los Angeles, while listing no other office or residence addresses in public records—thus evidencing that both have permanent residency in California and an intent to remain. *Id.*, ¶¶ 4-6.

6. Given the above, all of Plaintiff's members are domiciled in California. *See Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."); *Alvarez v. XPO Logistics Cartage, LLC*, No. CV 18-03736 SJO (AS), 2018 WL 3203086, at *4 (C.D. Cal. June 29, 2018) ("[E]mployment within a state is . . . closely tied to domicile."). Because Plaintiff's members are domiciled in California, they are citizens of California, and Plaintiff is by extension a citizen of California. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Additionally, Plaintiff has pled in a prior action that it was a citizen of California (and did not list any other state of citizenship) to invoke federal diversity jurisdiction. *Id.*, ¶ 7.[1]

7. Pursuant to 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded" in determining whether a civil action is removable on the basis of diversity of citizenship. Therefore, the Court

---

[1] While Cumulus has alleged and established via a preponderance of evidence that all of Plaintiff's members are domiciled in California, should Plaintiff contest the same, Cumulus requests that the Court permit jurisdictional discovery.

should disregard the unknown citizenship of Defendants DOES 1-10 for purposes of this removal.

8. In the Complaint at issue, Plaintiff claims that Cumulus owes Plaintiff Three Hundred Twenty Thousand, Six Hundred Twenty-Six and 00/100 ($320,626.00) Dollars, together with interest and other restitution. *See* Compl. ¶ 40; *see also* Compl., "Prayer for Relief."

9. Based on the foregoing, the amount in controversy exceeds $75,000.00 and the jurisdictional requirements of 28 U.S.C. § 1332 have been met, as Plaintiff is a citizen of California, and Cumulus is a citizen of Georgia and Delaware.

## C. Procedural Compliance

10. Plaintiff effectuated service of the summons and complaint in the state court action upon Cumulus on June 27, 2022. *See* **Exhibit A**. Cumulus has sought removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Therefore, removal is timely.

11. Venue is proper in the United States District Court for the Central District of California, Western Division, because the case is being removed from the Superior Court for the County of Los Angeles in the State of California.

12. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in this matter in the Superior Court for the County of Los Angeles in the State of California, Case No. 22STCV20371, that were served upon Cumulus are attached as **Composite Exhibit A.**

13. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Cumulus's rights to assert any defenses or affirmative claims, including a counterclaim.

**WHEREFORE**, Defendant Cumulus asks the Court to take jurisdiction of this action by issuing all necessary orders and process to remove this action from the Superior Court for the State of California, County of Los Angeles, to this Court.

DATED: July 27, 2022        WARGO FRENCH & SINGER LLP

By: /s Jeffrey N. Williams
    JEFFREY N. WILLIAMS
    DAVID M. PERNINI

Attorneys for Defendant
CUMULUS MEDIA INC.

Law Offices
**Wargo French & Singer LLP**
601 S. Figueroa St., Ste. 4625
Los Angeles, CA 90017