Electronically FILED by Superior Court of California, County of Los Angeles on 06/22/2022 02:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
Case 2:22-cv-05196   Document 1-1   Filed 07/27/22   Page 1 of 17   Page ID #:6
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michael Linfield

JONATHAN A. STIEGLITZ
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064
Telephone:      (323) 979-2063
Facsimile:      (323) 488-6748

Attorney for Plaintiff
Healthcare Ally Management of California, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| Healthcare Ally Management of California, LLC <br><br> Plaintiff, <br><br> v. <br><br> Cumulus Media, Inc and DOES 1-10, <br><br> Defendant. | Case No.: 22STCV20371 <br><br> Complaint For: <br><br> 1.  PROMISSORY ESTOPPEL. <br> 2.  VIOLATION OF CAL. BUS. & PROF. CODE §17200 ET SEQ. ("UCL"); <br> 3.  NEGLIGENT MISREPRESENTATION; and <br> 4.  BREACH OF WRTITEN CONTRACT <br><br> **(Jury Trial Requested)** <br><br> Damages - $320,626.00 |

Complaint

1       Plaintiff HEALTHCARE ALLY MANAGEMENT OF CALIFORNIA, LLC (Hereinafter

2  referred to as "PLAINTIFF", and "HAMOC") complains and alleges:

3                          **PARTIES**

4       1.      On January 17, 2019, Los Angeles Center for Oral & Maxillofacial Surgery and

5  Century City Outpatient Surgery Center, LLC (hereinafter referred to as the "Medical Provider")

6  entered into an agreement with HAMOC. The agreement provided that Medical Provider could

7  assign any past, present, or future unpaid or underpaid bills to HAMOC by sending HAMOC a

8  copy of the unpaid or underpaid bill. The agreement also provided that once an underpaid or

9  unpaid bill was assigned to HAMOC, HAMOC had the right to take any legal action necessary

10  including the filing of a lawsuit to attempt to recover an unpaid or underpaid bill. On November

11  19, 2021, Medical Provider assigned Patients'[1] underpaid/unpaid bill including the right to file a

12  lawsuit to HAMOC by sending via email a copy Patients underpaid/unpaid bill to HAMOC.

13  Patients are members and enrollees of Cumulus Media, Inc. (hereinafter referred to as

14  "DEFENDANT") health insurance policy.

15       2.      DEFENDANT is and was licensed to do business in and is and was doing business

16  in the State of California, as a payor of insurance. HAMOC is informed and believes that

17  DEFENDANT and or its agents are licensed to transact the business of insurance in the State of

18  California.  DEFENDANT and or its agents are in fact transacting the business of insurance in the

19  State of California and is thereby subject to the laws and regulations of the State of California.

20       3.      The true names and capacities, whether individual, corporate, associate, or

21  otherwise, of defendants DOES 1 through 10, inclusive, are unknown to HAMOC, who therefore

22  sues said defendants by such fictitious names.  HAMOC is informed and believes and thereon

23  alleges that each of the defendants designated herein as a DOE is legally responsible in some

24  manner for the events and happenings referred to herein and legally caused injury and damages

25  proximately thereby to HAMOC.  HAMOC will seek leave of this Court to amend this Complaint

26

---

27  [1] For privacy reasons and in order to comply with Health Insurance Portability and Accountability
Act ("HIPAA"), the full names, dates of treatment and policy information pertaining to the
28  Patients is being withheld.  This information will be disclosed to defendants upon their request.

to insert their true names and capacities in place and instead of the fictitious names when they become known to it.

4.      At all times herein mentioned, unless otherwise indicated, DEFENDANT/s were the agents and/or employees of each of the remaining defendants and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent.  At all times herein mentioned, DEFENDANT/s had actual or ostensible authority to act on each other's behalf in certifying or authorizing the provision of services; processing and administering the claims and appeals; pricing the claims; approving or denying the claims; directing each other as to whether and/or how to pay claims; issuing remittance advices and explanations of benefits statements; making payments to Medical Provider and its Patient.

## **GENERAL ALLEGATIONS**

5.      All of the claims asserted in this complaint are based upon the individual and proper rights of Medical Provider in its own individual capacity and are not derivative of the contractual or other rights of the Medical Provider's Patients.  The claims asserted in this complaint arise out of the Medical Provider's interactions with DEFENDANT and DOES 1 through 10, inclusive and are derived from the representations and warranties made during those conversations amongst those parties. Medical Provider does not in any way, seek to enforce the contractual rights of the Medical Provider's Patients, through the Patients' insurance contract, policies, certificates of coverage or other written insurance agreements.

6.      This complaint arises out of the failure of DEFENDANT to make proper payments and/or the underpayment to Medical Provider by DEFENDANT and DOES 1 through 10, inclusive, of amounts due and owing now to Medical Provider for surgical care, treatment and procedures provided to Patients, who are insureds, members, policyholders, certificate-holders or were otherwise covered for health, hospitalization and major medical insurance through policies or certificates of insurance issued and underwritten by DEFENDANT and DOES 1 through 10, inclusive.

COMPLAINT

7.     Medical Provider is informed and believes based on DEFENDANT's oral and other representations that the Patient was an insured of DEFENDANT either as a subscriber to coverage or a dependent of a subscriber to coverage under a policy or certificate of insurance issued and underwritten by DEFENDANT and DOES 1 through 10, inclusive, and each of them. Medical Provider is informed and believes that the Patient entered into a valid insurance agreement with DEFENDANT for the specific purpose of ensuring that the Patient would have access to medically necessary treatments, care, procedures, and surgeries by medical practitioners like Medical Provider and ensuring that DEFENDANT would pay for the health care expenses incurred by the Patient.

8.     Medical Provider is informed and believes that DEFENDANT and DOES 1 through 10, inclusive, and each of them, received and continue to receive, valuable premium payments from the Patients and/or other consideration from patients under the subject policies applicable to patients.

9.     It is standard practice in the health care industry that when a medical provider enters into a written preferred provider contract with a health plan such as DEFENDANT, that a medical provider agrees to accept reimbursement that is discounted from the medical provider's total billed charges in exchange for the benefits of being a preferred or contracted provider.

10.     Those benefits include an increased volume of business because the health plan provides financial and other incentives to its members to receive their medical care and treatments from the contracted provider, such as advertising that the provider is "in network" and allowing the members to pay lower co-payments and deductibles to obtain care and treatment from a contracted provider.

11.     Conversely, when a medical provider, such as Medical Provider, does not have a written contract or preferred provider agreement with a health plan, the medical provider receives no referrals from the health plan.

12.     The medical provider has no obligation to reduce its charges. The health plan is not entitled to a discount from the medical provider's total bill charge for the services rendered,

because it is not providing the medical provider within network medical provider benefits, such as increased patient volume and direct payment obligations.

13.     The reason why medical providers have chosen to forgo the benefits of a contract with a payor is that, in recent years, many insurers including DEFENDANT's contracted rates for in-network providers have been so meager, one-sided, and onerous, that many providers like Medical Provider have determined that they cannot afford to enter into such contracts.  As a result, a growing number of medical providers have become non-contracted or out of network providers.

14.     Plaintiff believes that for non-contracted, out-of-plan, or out-of-network providers, DEFENDANT has unlawfully underpaid these providers for the medically necessary and appropriate services they have rendered to the insured of the DEFENDANT.  Plaintiff believes that in some cases DEFENDANT has used flawed databases and systems to unilaterally determine what amounts it pays to medical providers and has colluded with other insurers to artificially underpay, decrease, limit, and minimize the reimbursement rates paid for services rendered by non-contracted providers.

15.     Often, the rates paid to medical providers such as Medical Provider by payors such as DEFENDANT for the exact same procedure, treatment, surgery, or service, were paid at different rates during the same year.  At other times, medical providers were paid rates which were below what they would have received had they been a preferred or in-network provider, even though such volume-discounted rates would have been significantly lower than usual, reasonable, or customary rates as defined by California law.

16.     Medical Provider is informed and believes and thereon alleges that DEFENDANT's systems for paying out-of-network claims is flawed, that DEFENDANT improperly manipulates the data in its systems to underpay out-of-network Medical Provider claims and that DEFENDANT's systems and methods for calculating such rates violate California law.

17.     Payors and insurers want their patients to be seen and so they commonly promise to pay a percentage of the market rate for the procedure, also described as, an average payment

for the procedure performed or provided by similarly situated medical providers within similarly situated areas or places of practice. Rather than use the words market rate to simplify terms, payors have long used words or combinations of words such as usual, reasonable, customary, and allowed, all to mean an average payment for a procedure provided by similarly situated medical providers within similarly situated areas or places of practice ("UCR").

18.     The United States government provides a definition for the term UCR. "The amount paid for a medical service in a geographic area based on what providers in the area usually charge for the same or similar medical service. The UCR amount sometimes is used to determine the allowed amount."[2]

19.     Based upon these criteria, Medical Provider's charges are usual, reasonable, and customary.  Medical Provider charged DEFENDANT the same fees that it charges all other payors.  Medical Provider's fees are comparable to the prevailing provider rates for other surgeons in comparable geographic areas to the one in which the services were provided.

20.     DEFENDANT uses the term UCR in its insurance policies.

21.     When DEFENDANT uses the term UCR for the price of a medical service, DEFEDANT will utilize a medical bill database from Fair Health Inc. to determine the exact dollar amount to be paid for a medical claim.[3]

22.     Fair Health Inc. is a database which is available to the public. It is available for purchase when utilized by entities like DEFENDANT and it is available for free in a more limited fashion for use by consumers.[4]

---

[2] *See* Healthcare.gov, UCR (Usual, Customary and Reasonable) (February 19, 2020), https://www.healthcare.gov/glossary/UCR-usual-customary-and-reasonable/ (defining UCR)

[3] United Healthcare, Information on Payment of Out-of-Network Benefits (March 6, 2018), https://www.uhc.com/legal/information-on-payment-of-out-of-network-benefits ("FH, [Fair Health], Benchmarking Database. One of two compilations of information on health care professional charges created by Fair Health and used by affiliates of UnitedHealth Group **to determine payment** for out-of-network professional services when reimbursed under standards such as 'the reasonable and customary amount,' 'the usual, reasonable and customary amount,' 'the prevailing rate,' or other similar terms that base payment on what other healthcare professionals in a geographic area charge for their services."

[4] *See* fairhealthconsumer.org, (February 19, 2020), https://www.

(Continued)

23.     When a medical provider like PLAINTIFF is told that DEFENDANT will be paying a claim based on UCR, PLAINTIFF expects that DEFENDANT will be utilizing the Fair Health database to calculate the exact dollar amount that will be paid.

24.     PLAINTIFF has a reputation for providing high quality care and, as a result, PLAINTIFF expects it will be appropriately compensated for those services.

25.     Pursuant to California Health and Safety Code Section 1371.31 and Cal. Code Regs. tit. 28, § 1300.71(3)(c), all medical providers have their own individual right to payment from insurers for medical services provided to one of their insureds in accordance with a patient's evidence of coverage.

26.     According to California Health and Safety Code Section 1371.31and Cal. Code Regs. tit. 28, § 1300.71, a failure to pay a medical provider in accordance with a patient's evidence of coverage, vests a medical provider with its own separate individual right to recovery in accordance with a patient's evidence of coverage.

## **SPECIFIC FACTS**

## **PATIENT ZH**

27.     On May 09, 2019, Medical Provider conducted surgery and provided services on and for patient for the benefit of Patient and DEFENDANT.

28.     On April 09, 2019, Medical Provider's representative Vanessa S. spoke with Defendant's representative Melissa D.

29.     Defendant represented to Medical Provider that Patient's deductible is and was $10,000.00 and that the deductible had been met and Patient's Max Out of Pocket ("MOOP") expense is and was $28,000.00 and that to date for the calendar year Patient had paid $105.37.

---

fairhealthconsumer.org/medical/results (assisting consumers to calculate the amount to be paid for a particular medical procedure)

COMPLAINT

30.     Defendant represented to Medical Provider that once Patient's MOOP was met, Medical Provider would be paid for medical services, at one hundred (100) percent of the UCR amount.[5]

31.     DEFENDANT further represented that payment would not be made at a rate based on Medicare.

32.     All of the information obtained in said conversation was documented by Medical Provider at the time of the phone conversation as part of Medical Provider's policy and practice.

33.     At no time prior to the provision of services to Patient by Medical Provider, during conversations between Medical Provider and DEFENDANT did DEFENDANT advise Medical Provider that Patient's policy or certificate of insurance was subject to certain exclusions, limitations, or qualifications, which might result in denial of coverage, limitation of payment or any other method of payment unrelated to the UCR rate.

34.     DEFENDANT did not make reference to any other portion of Patient's plan that would put Medical Provider on notice of any reduction in the originally stated payment percentage.

35.     Despite representing that payment would be made at the UCR rate, DEFENDANT knew or should have known that it would not be paying Medical Provider at the UCR rate.

36.     Despite representing that payment would not be made at a Medicare rate, DEFENDANT knew or should have known that it would be paying Medical Provider at a Medicare rate.

37.     Medical Provider relied and provided services solely based on DEFENDANT's statements, promises and representations. Statements which had no relation to DEFENDANT and Patient's plan document, as the statements may or may not have been based in the DEFENDANT or Patient's plan documents, but that bore no consideration when Medical Provider agreed to

---

[5] A reasonable and customary payment amount can be determined through publicly available databases such as Fair Health. For all bills alleged in this complaint, the billed amount was less than what Fair Health would consider to be reasonable and customary.

COMPLAINT

1    provide medical services. Medical Provider took DEFENDANT at its word and promises and

2    provided services based solely on those promises and representations.

3         38.    In the alternative, pursuant to California Health and Safety Code Section 1371.31

4    and Cal. Code Regs. tit. 28, § 1300.71(3)(c) DEFENDANT had a contractual obligation to pay

5    Medical Provider in accordance with Patient's plan document and agreement.

6         39.    According to the Patient plan agreement, DEFENDANT was obligated to pay

7    Medical Provider, Medical Provider's full billed amount.

8         40.    Under either scenario, following the procedure, Medical Provider submitted to

9    DEFENDANT any and all billing information required by DEFENDANT, including a bill for

10   $320,626.00.

11        41.    DEFENDANT paid $0.00 to Medical Provider. The amount paid was well below

12   the billed amount and well below a UCR amount.

13        42.    As of the date of this complaint, DEFENDANT has still refused to make the

14   appropriate payment to Medical Provider and Medical Provider was and now HAMOC is entitled

15   to that payment from DEFENDANT.

16                              **<u>FIRST CAUSE OF ACTION:</u>**

17                            **<u>FOR PROMISSORY ESTOPPEL</u>**

18        43.    HAMOC incorporates by reference all previous paragraphs as though fully set

19   forth herein.

20        44.    DEFENDANT promised and asserted that the procedure to be performed and

21   which were performed for and on the Patients were covered, authorized, certified and would be

22   paid for at the rate of UCR.

23        45.    DEFENDANT also promised that the payment would not based on Medicare.

24        46.    Medical Provider only decided to provide services because they were assured that

25   Medicare was not part of the calculation of payment and that Medical Provider would be paid at

26   the UCR rate.

27

28

47.     At all times both DEFENDANT and Medical Provider understood that a promised payment rate of UCR meant that DEFENDANT would be calculating the payment rate using a medical claims database created by Fair Health Inc.

48.     After assuring and promising Medical Provider that payment would be at the UCR rate, DEFENDANT should have reasonably expected that Medical Provider would then go on to provide the procedure on the Patients expecting that payment would be made at that rate.

49.      As a direct and proximate result of DEFENDANT's misrepresentations, Medical Provider has been damaged in an amount equal to the amount of money Medical Provider should have received had DEFENDANT paid the cost of the procedures at the UCR rate less any applicable MOOP or deductible/coinsurance.

50.     The detriment suffered by Medical Provider and now HAMOC is the amount required to make Medical Provider and now HAMOC whole, for the time, cost and money expended in providing the services to patients based on DEFENDANT'S promise of payment at the UCR rate.  As a further direct, legal, and proximate result of Medical Provider's detrimental reliance on the misrepresentations of defendants, and each of them, Medical Provider has been damaged due to the loss of monies expended in providing said services for which it was significantly underpaid and has suffered damages in the loss of use of the proceeds and income to be derived from the services.

51.     In light of the material representations and misrepresentations of DEFENDANT made to Medical Provider, and of Medical Provider's reliance on DEFENDANT's representations, and based upon Medical Provider's detrimental reliance thereon, DEFENDANT, and each of them, are estopped from denying payment and indemnification for Patients' treatments at the UCR rate and Medical Provider was and now HAMOC is entitled to the value enumerated by that calculation. An amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF CAL. BUS. & PROF. CODE §17200 ET SEQ.

52.     HAMOC incorporates by reference all previous paragraphs as though fully set forth herein.

53.     DEFENDANT'S conduct violates California Business and Professions Code § 17200, *et seq*. The acts and practices of DEFENDANT constitute a common continuous and continuing course of conduct of unfair competition by means of unlawful and unfair business acts or practices within the meaning of Section 17200.

54.     Pursuant to California Health and Safety Code Section 1371.31 and CAL. CODE REGS. TIT. 28, § 1300.71, once Medical Provider provided medical services to Patient, DEFENDANT was obligated to pay Medical Provider in accordance with Patient's evidence of coverage.

55.     DEFENDANT's actions in this regard are unlawful, as DEFENDANT is obligated under the statutory scheme of the Knox Keene Health Care Service Plan Act of 1975, California Health & Safety Code, § 1340 et seq., ("Knox Keene Act") to process and pay for the out of network elective medical procedures at "the amount paid by the health care service plan…set forth in the enrollee's evidence of coverage."

56.     DEFENDANT's conduct is not only unlawful it is also unfair. DEFENDANT's conduct as alleged is "unfair" in that it offends public policy, is immoral, unscrupulous, unethical, deceitful, and offensive, and causes substantial injury to Medical Provider and now Plaintiff.

57.     Patients out of network health insurance so that they can be able to see a larger selection and generally a better selection of doctors. DEFENDANT's failure to compensate Medical Provider and medical providers like Medical Provider puts the burden of paying for the services on only on the Patient.

58.     DEFENDANTS actions as a result are unfair and wrong.

59.     DEFENDANT ignores the law and acts with disregard for each patient's choice to see an out of network doctor.

60.     For the reasons stated above, Plaintiff now seeks an order enjoining DEFENDANT from failing to pay out of network medical providers at least in accordance with each patient's evidence of coverage or health plan.

61.     Patients have a right to see the doctor they will to see and Defendant's actions are merely an attempt to prevent patients freedom in that regard. As a result, Medical Provider seeks

an order awarding attorneys' fees and costs pursuant to Code of Civil Procedure Section 1021.5, as it seeks to enforce this important aspect of the California healthcare scheme and system.

62.     Another remedy under the UCL is restitution. As expressed by *Bell v. Blue Cross of California,* "he who has performed the duty of another by supplying a third person with necessaries, although acting with the other's knowledge or consent, is entitled to restitution…" As a result, Medical Provider also seeks restitution for the services Medical Provider provided but for which Medical Provider was incorrectly paid.

**THIRD CAUSE OF ACTION**

**FOR NEGLIGENT MISREPRESENTATION**

63.     HAMOC incorporates by reference all previous paragraphs as though fully set forth herein.

64.     DEFENDANT falsely represented to Medical Provider that payment for services would be based on UCR and not Medicare.

65.     DEFENDANT knew that any payment made to Medical Provider would not be made the UCR rate and would instead be made at the Medicare rate.

66.     DEFENDANT should have known that in making the representations that payment would be made at the UCR and not Medicare rate that Medical Provider would go on to provide the services.

67.     Medical Provider then relied on DEFENDANT's misrepresentation and provided the services to patients.

68.     Medical Provider and now HAMOC has been damaged in not receiving payment at the represented UCR rate.

**FOURTH CAUSE OF ACTION**

**FOR BREACH OF WRITTEN CONTRACT**

69.     HAMOC incorporates by reference all previous paragraphs as though fully set forth herein.

70.     Pursuant to California Health and Safety Code Section 1371.31 and CAL. CODE REGS. TIT. 28, § 1300.71, once Medical Provider provided medical services to Patient,

DEFENDANT was obligated to pay Medical Provider in accordance with Patient's health plan documents and evidence of coverage.

71.     Medical Provider provided the services, but DEFENDANT failed to pay according to the terms of the patient's health plan documents.

72.     At best, DEFENDANT applied policies and terms not found in the over 200 pages of each patient's evidence of coverage, but instead claimed to exist in other policies, documents and manuals utilized by DEFENDANT, but never provided to patient or medical providers.

73.     Additionally, and separately, Patient assigned the rights and benefits under its health plan to Medical Provider and now HAMOC.

74.     At all times the Patients' health plan agreement was in full force and effect.

75.     Under the terms of the agreement, DEFENDANT was obligated to pay for facility services based on Medical Provider's billed charges.

76.     DEFENDANT failed to make payment in accordance with the terms of the written agreement and instead made a payment that was far less than Medical Provider's billed amount.

77.     As an actual, legal, and proximate result of the aforementioned conduct of defendants, and each of them, Medical Provider has suffered and HAMOC now suffers, and will continue to suffer in the future, damages based on DEFENDANT's failure to pay Medical Provider under the terms of the Patient's health plan agreement. A total amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Healthcare Ally Management of California, LLC prays for judgment against defendants as follows:

1.     For compensatory damages in an amount to be determined, plus statutory interest.

2.     For restitution in an amount to be determined, plus statutory interest.

3.     For a declaration that DEFENDANTS are obligated to pay plaintiff all monies owed for services rendered to the Patients; and

4.     For such other relief as the Court deems just and appropriate.

Dated: June 22, 2022                    LAW OFFICE OF JONATHAN A. STIEGLITZ

                                        By: /s/ Jonathan A. Stieglitz
                                            JONATHAN A. STIEGLITZ
                                            Attorney for Plaintiff,
                                            HEALTHCARE ALLY MANAGEMENT OF
                                            CALIFORNIA, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff, Healthcare Ally Management of California, LLC, hereby demands a jury trial as provided by law.


Dated: June 22, 2022                    LAW OFFICE OF JONATHAN A. STIEGLITZ

                                        By: /s/ Jonathan A. Stieglitz
                                            JONATHAN A. STIEGLITZ
                                            Attorneys for Plaintiff,
                                            HEALTHCARE ALLY MANAGEMENT OF
                                            CALIFORNIA, LLC

Electronically FILED by Superior Court of California, County of Los Angeles on 06/22/2022 02:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk

Case 2:22-cv-05196   Document 1-1   Filed 07/27/22   Page 15 of 17   Page ID #:20

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Cumulus Media, Inc. and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Healthcare Ally Management of California, LLC

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*   Stanley Mosk Courthouse
111 N. Hill St.
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
22STCV20371

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Stieglitz, 11845 W. Olympic Blvd., Suite 800, Los Angeles, California 90064, (323) 979-2063

Sherri R. Carter Executive Officer / Clerk of Court

DATE:   06/22/2022   Clerk, by _____ R. Clifton _____, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 06/29/2022 09:04 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro,Deputy Clerk

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jonathan A. Stieglitz, Esq. (SBN 278028)<br>THE LAW OFFICES OF JONATHAN A. STIEGLITZ<br>11845 Olympic Blvd., Suite 800<br>Los Angeles, CA 90064 | *FOR COURT USE ONLY* |
|---|---|
|     TELEPHONE NO.: (323) 979-2063    FAX NO. *(Optional):* (323) 488-6748<br>E-MAIL ADDRESS *(Optional):*<br>  ATTORNEY FOR *(Name):* HEALTHCARE ALLY MANAGEMENT OF CALIFORNIA, LLC | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Stanley Mosk Courthouse | |
| PLAINTIFF/PETITIONER: HEALTHCARE ALLY MANAGEMENT OF CALIFORNIA, LLC<br>DEFENDANT/RESPONDENT: Cumulus Media, Inc | CASE NUMBER:<br>22STCV20371 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. ☒ summons

   b. ☒ complaint

   c. ☐ Alternative Dispute Resolution (ADR) package

   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*

   e. ☐ cross-complaint

   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
   Cumulus Media, Inc

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
   under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   John Montijo, Authorized To Accept Service Of Process

4. Address where the party was served:
   C.T. Corporation Systems, 330 N. Brand blvd. Suite 700, Glendale, CA 91203

5. I served the party *(check proper box)*

   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
   receive service of process for the party  (1) on *(date):* June 27, 2022    (2) at *(time):* 09:31AM

   b. ☐ **by substituted service.** on *(date):*      at *(time):*    I left the documents listed in item 2 with or
   in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
         of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
         place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
         address of the person to be served, other than a United States Postal Service post office box. I informed
         him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
         at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
         *(date):*        from *(city):*        **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

**POS-010**

| PLAINTIFF/PETITIONER: HEALTHCARE ALLY MANAGEMENT OF CALIFORNIA, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Cumulus Media, Inc | 22STCV20371 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*             (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* Cumulus Media, Inc
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)         ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                            ☐ other: LLC

7. **Person who served papers**
  a. Name: George Todd
  b. Address: 14417 Chase Street #187, Panorama City, CA 91402
  c. Telephone number: (818)-515-4620
  d. **The fee** for service was: $25.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
      ☐ owner ☐ employee ☒ independent contractor.
      (ii) Registration No.: 2016159739
      (iii) County: Los Angeles

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
  **or**
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: June 29, 2022

George Todd
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)